UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ismael Zambrano, | ) C/A No. 8:13-3130-RMG-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Immigration and Customs Enforcement; | ) |
| Agent Del Barrio, | ) |
| | ) |
| Defendants. | ) |

_____

**BACKGROUND OF THIS CASE**

Plaintiff is a pre-trial detainee at the Greenville County Detention in Greenville, South Carolina. In the above-captioned case, Plaintiff has brought a civil rights action against Immigration and Customs Enforcement and an agent employed by Immigration and Customs Enforcement.

The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil rights action arises out of a detainer filed by Immigration and Customs Enforcement after Plaintiff was incarcerated. Although a copy of the detainer is not included with the Complaint in the above-captioned case, a copy of the detainer appears as Doc. 1-1 in a prior case filed by Plaintiff, *Ismael Zambrano v. Immigration and Customs Enforcement; and Agent Del Barrio, B-4850*, Civil Action No. 8:13-2531-RMG-JDA, which was dismissed *without prejudice* on October 22, 2013, for failure to come into "proper form." Most of the "STATEMENT OF CLAIM" portion of the Complaint in the above-captioned case is Plaintiff's explanation as

to why he was not able to bring Civil Action No. 8:13-2531-RMG-JDA into "proper form" [Doc. 1 at 3]. In his prayer for relief, Plaintiff seeks to be allowed to stay in the United States and expresses his wishes to be with his family [*Id.* at 5]. Plaintiff states that he has a "FEW MINOR TRAFFIC OFFENCES," for which he takes "FULL RESPONSIBILITY." [*Id.*].

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's

allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983 or *Bivens* Doctrine**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982).  *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*.  *See Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006); and *Starling v. United States*, 664 F. Supp. 2d 558, 561 (D.S.C. 2009) ("*Bivens* allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983.").

**Plaintiff's Complaint barred by 8 U.S.C. § 1252(b)(9)**

This Court lacks subject-matter jurisdiction over Plaintiff's Complaint because of a "jurisdiction-stripping" provision, 8 U.S.C. § 1252(b)(9), which was enacted by the Congress:

> (9) Consolidation of questions for judicial review
>
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (Westlaw 2013). This provision is cited in *Aguiar v. Mukasey*, 547 F. Supp. 2d 182, 184–85 (D. Conn. 2008) (collecting cases).

The "Real ID" Act, Pub. L. No. 109-13, 119 Stat. 240 (2005), which is codified at 8 U.S.C. § 1252(a)(5), contains a similar provision:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

5

8 U.S.C. § 1252(a)(5); *see also Tsimmer v. Gantner*, 550 F. Supp. 2d 438, 444 (S.D.N.Y. 2008) (collecting cases: "In light of the Real ID Act's broad language, the Second Circuit and its district courts have consistently held that courts lack jurisdiction to consider challenges to administrative orders of removal, deportation, and exclusion, however they are presented").

This Court, in an unpublished case, has applied 8 U.S.C. § 1252(a)(9) in summarily dismissing *without prejudice* a challenge to a removal proceeding brought by a prisoner at a local detention center.  See *Harrison v. U.S. Att'y Gen.*, Civil Action No. 4:11-21-JFA-TER, 2011 WL 1113596, at *3 (D.S.C. Feb. 24, 2011) ("To the extent that the Petitioner seeks to have his 1994 and/or 2006 deportations declared invalid, District Courts have been stripped of their ability to hear cases that involve the removal of an alien."), *adopted by* 2011 WL 1085786 (D.S.C. Mar. 24, 2011) ("As the Magistrate Judge correctly opines, the plaintiff's request to have his 1994 and 2006 deportations as an illegal alien declared invalid is not reviewable by this court."); *cf. Johnson v. Whitehead*, 647 F.3d 120, 124–25 (4th Cir. 2011) (outlining procedure to obtain appellate review of removal order).

## RECOMMENDATION

It is recommended that this case be dismissed *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page**.

s/ Jacquelyn D. Austin
United States Magistrate Judge

December 2, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).